FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 1 5 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DWAYNE FULLER,

        Petitioner,

   - against -

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------X

MEMORANDUM & ORDER

08-CV-3950 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On April 1, 2008, Petitioner Dwayne Fuller ("Petitioner") was sentenced by this court to, inter alia, 21 months in prison for felony possession of a firearm. (Sentencing Tr. at 5, 11.) Petitioner now moves to correct his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. Petitioner claims that because of his counsel's ineffective assistance, the erroneous finding in his Presentence Investigation Report that he was in criminal history category IV went unchallenged.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court has examined Petitioner's motion. Because it plainly appears from the motion that Petitioner is not entitled to relief, Petitioner's motion is dismissed pursuant to Rule 4.

I. **DISCUSSION**

Petitioner fails to note in his motion that he agreed as part of his plea not to appeal or otherwise challenge any sentence imposed of 21 months or less. (Sentencing Tr. at 3.) Because Petitioner was sentenced within this range, this waiver of appellate rights is operative.

A waiver of appellate rights in a plea agreement "does not foreclose an attack on the validity of the process by which the waiver has been procured." See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). Therefore, notwithstanding a signed waiver, a petitioner may argue that his plea was obtained in violation of Fed. R. Crim. P. 11(c), see id. at 196-98, that his waiver of appellate rights was not knowing or voluntary, see United States v. Tang, 214 F.3d 365, 369 (2d Cir. 2000) (holding waiver invalid because no inquiry was made at plea allocution as to defendant's understanding of the waiver); United States v. Chen, 127 F.3d 286, 289 (2d Cir. 1997) (holding waiver invalid because magistrate judge incorrectly explained waiver to defendant), or that he received ineffective assistance of counsel in entering the plea agreement, see United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998); United States v. Oladimeji, 463 F.3d 152, 155 (2d Cir. 2006) (waiver of appellate rights will be enforced until petitioner succeeds in proving that the waiver should be voided because of ineffective assistance of counsel).

Even when a waiver of appellate rights has been validly procured, a petitioner may still challenge his sentence if it was allegedly influenced by the court's "arguably unconstitutional" consideration of an improper factor, like race or status as a naturalized citizen. See United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008).

Here, Petitioner alleges only that his counsel was ineffective at sentencing for failing to challenge the inclusion in his criminal history computation of several earlier sentences for misdemeanor and petty offenses allegedly excludable under United States Sentencing Commision, Guidelines Manual, § 4A1.2(c). As this claim relates solely to Petitioner's counsel's performance at sentencing, he does not bring himself within any of the exceptions to the rule that a waiver of appellate rights is enforceable. See Djelevic, 161 F.3d 104 (2d Cir.

1998) ("Pepshi claims that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea, but at sentencing. We emphatically reject this contention.") Petitioner's motion is therefore foreclosed by his waiver of appellate rights.[1]

## II. CONCLUSION

Because Petitioner may not challenge his sentence in a motion pursuant to 28 U.S.C. § 2255, the motion is dismissed. The Clerk of Court is directed to notify Petitioner and to close this case. No certificate of appealability shall issue.

SO ORDERED.

Dated: October 14, 2008
Brooklyn, New York

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] The court notes that, having reviewed the Presentence Investigation Report, it finds no error in the Probation Officer's finding that Petitioner was in criminal history category IV. None of the offenses that were counted were excludable offenses under Guidelines Manual, § 4A1.2(c)(1) or (2).